UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SIMPSON STRONG-TIE COMPANY INC., <br><br> Plaintiff, <br><br> v. <br><br> MITEK INC., <br><br> Defendant. | Case No. 20-cv-06957-VKD <br><br> **ORDER DENYING MOTION TO DISMISS** <br><br> Re: Dkt. No. 23 |

In this action, plaintiff Simpson Strong-Tie Company Inc. ("Simpson") asserts the following claims against defendant MiTek Inc. ("MiTek"): (1) false advertising under the Lanham Act, 15 U.S.C. § 1125(a)(1)(B); (2) false advertising under California Business & Professions Code § 17500; (3) passing off under the Lanham Act, 15 U.S.C. § 1125(a)(1)(A); (4) unfair competition under California Business & Professions Code § 17200; and (5) copyright infringement under 17 U.S.C. § 106. Dkt. No. 1. MiTek now moves to dismiss all claims for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Dkt. No. 23.

All parties have consented to magistrate judge jurisdiction. Dkt. Nos. 6, 27. The Court heard oral argument on MiTek's motion on March 23, 2021. Dkt. No. 40. Having considered the parties' submissions and the arguments made at the hearing, the Court denies MiTek's motion to dismiss the complaint.

I.   **BACKGROUND**

Simpson is a California corporation that designs, manufacturers, and sells structural connectors for use in building construction. Dkt. No. 1 ¶¶ 2, 9-10. Simpson assigns individual

alphanumeric product names for each of its products. *Id.* ¶¶ 12-13. Each product name includes a "part name" consisting of a letter or combination of letters designating the product line, and a "model number" consisting of additional numbers and letters appended to the part name to distinguish between various models of a particular part with different attributes. *Id.* According to Simpson, it invests considerable time and effort in creating part names and model numbers. *Id.* ¶ 14. Simpson uses its product names on its website and product packaging, as well as in catalogs, publications, and other advertising materials, including its Wood Construction Connectors Catalog. *Id.* ¶¶ 16-20, 22. The Wood Construction Connectors Catalog contains an alphabetical product index and various charts specifying various attributes of Simpson's products, listed by product names. *Id.* ¶¶ 19-20. Simpson has registered copyrights in the Wood Construction Connectors Catalog and its supplements dating between 2000 and 2020. *Id.* ¶ 21.

MiTek is a Missouri corporation that manufacturers and sells construction products, including products that compete with Simpson's. *Id.* ¶¶ 3, 24-25. Simpson alleges that MiTek's products are "knock-offs or close copies" of Simpson's products that are not equivalent to or substitutes for Simpson's products due to the patented nature of some of Simpson's technology. *Id.* ¶¶ 24-26. According to Simpson, MiTek uses Simpson product names as MiTek's own product names and "stock numbers," or as "reference numbers" or "reference series" on MiTek's website and in its mobile phone application, catalogs, labels, and other materials. *Id.* ¶¶ 27-49, Ex. C. In particular, Simpson says, MiTek's 2020 Catalog uses Simpson product names as a basis for MiTek's own product names and includes an alphabetical reference index using Simpson product names as reference numbers. *Id.* ¶¶ 42-44. Simpson says that MiTek's use of Simpson products names in this manner deceives consumers into believing that the companies' products are equivalent and interchangeable when they are not, or that MiTek's products are actually Simpson's products. *Id.* ¶¶ 50-54.

## II. LEGAL STANDARD

"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted 'tests the legal sufficiency of a claim.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1241–42 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d

2

729, 732 (9th Cir. 2001)).  When determining whether a claim has been stated, the Court accepts as true all well-pled factual allegations and construes them in the light most favorable to the plaintiff.  *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 690 (9th Cir. 2011).  While a complaint need not contain detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

The Court is not required to "'assume the truth of legal conclusions merely because they are cast in the form of factual allegations.'" *Prager Univ. v. Google LLC* ("*Prager I*"), No. 17-CV-06064-LHK, 2018 WL 1471939, at *3 (N.D. Cal. Mar. 26, 2018) (quoting *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (per curiam)).  Nor does the Court accept allegations that contradict documents attached to the complaint or incorporated by reference, *Gonzalez v. Planned Parenthood of L.A.*, 759 F.3d 1112, 1115 (9th Cir. 2014), or that rest on "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008).

A court generally may not consider any material beyond the pleadings when ruling on a Rule 12(b)(6) motion.  If matters outside the pleadings are considered, "the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d).  However, documents appended to the complaint, incorporated by reference in the complaint, or which properly are the subject of judicial notice may be considered along with the complaint when deciding a Rule 12(b)(6) motion.  *Khoja v. Orexigen Therapeutics*, 899 F.3d 988, 998 (9th Cir. 2018); *see also Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990).  Likewise, a court may consider matters that are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *Roca v. Wells Fargo Bank, N.A.*, No. 15-cv-02147-KAW, 2016 WL 368153, at *3 (N.D. Cal. Feb. 1, 2016) (quoting Fed. R. Evid. 201(b)).

## III. DISCUSSION

### A. Federal Claims

#### 1. False advertising (Lanham Act, 15 U.S.C. § 1125(a)(1)(B))

To establish a claim for false advertising under 15 U.S.C. § 1125(a)(1)(B), a plaintiff must plausibly allege that the defendant made a false or misleading representation of fact in commercial advertising or promotion about the defendant's own or the plaintiff's goods, services, or commercial activities. *Prager Univ. v. Google LLC* ("*Prager III*"), 951 F.3d 991, 999 (9th Cir. 2020) (citing *Southland Sod Farms v. Stover Seed Co.*, 108 F.3d 1134, 1139 (9th Cir. 1997)). The Ninth Circuit has explained that "commercial advertising or promotion" within the meaning of § 1125(a)(1)(B) requires the following:

> (1) commercial speech; (2) by a defendant who is in commercial competition with plaintiff; (3) for the purpose of influencing consumers to buy defendant's goods or services. While the representations need not be made in a "classic advertising campaign," but may consist instead of more informal types of "promotion," the representations (4) must be disseminated sufficiently to the relevant purchasing public to constitute "advertising" or "promotion" within that industry.

*Coastal Abstract Serv. Inc. v. First Am. Title Ins. Co.*, 173 F.3d 725, 735 (9th Cir. 1999).

MiTek argues that Simpson has not pled an actionable statement, i.e., one that is capable of being proven true or false. Dkt. No. 23 at 3–4. MiTek says that a product name cannot be proven true or false, and that Simpson has not pled sufficient facts explaining how MiTek's use of Simpson's alphabetical index in MiTek's reference index is a false advertisement or statement. *Id.* Simpson responds that false advertising extends to statements that are impliedly false, and that MiTek's use of Simpson's product names falsely implies that MiTek's products are the same as or equivalent to Simpson's. Dkt. No. 31 at 5–9.

"[A] false advertising cause of action under the [Lanham] Act is not limited to literal falsehoods; it extends to false representations made by implication or innuendo." *Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv., Inc.*, 911 F.2d 242, 245 (9th Cir. 1990). A false advertising claim based on implied statements "must be both specific and communicated as to deceive[] a significant portion of the recipients." *Prager III*, 951 F.3d at 1000 (quoting *William H. Morris Co. v. Grp. W, Inc.*, 66 F.3d 255, 258 (9th Cir. 1995)) (internal quotation marks omitted). Here,

4

1   Simpson does not plead that the false statements at issue are merely its product names. Rather,
2   Simpson pleads that it is MiTek's use of Simpson's product names as reference numbers situated
3   next to MiTek's own similar product names that creates the false impression that the parties'
4   products are equivalent or otherwise interchangeable. Dkt. No. 1 ¶¶ 25, 29-54. Simpson supports
5   its allegations with cites to and images from MiTek's website, catalogs, publications, packaging,
6   and marketing materials showing the context in which MiTek has used Simpson product names as
7   reference numbers. *Id.* These are sufficient facts to support a claim of implied false advertising.

8       MiTek asserts that Simpson is required to plead express statements that creating the
9   misleading context in addition to the implied falsehoods. Dkt. No. 33 at 1–2. But that is what
10  Simpson has effectively done here: Simpson has pled that the placement of MiTek's product
11  numbers next to Simpson's product numbers creates an overall false statement of equivalence.
12  Accordingly, the Court denies MiTek's motion to dismiss Simpson's false advertising claim under
13  the Lanham Act.

### 2. Passing off (Lanham Act, 15 U.S.C. § 1125(a)(1)(A))

15  MiTek contends that Simpson has failed to state a claim for passing off under the Lanham
16  Act because Simpson has not pled that its product names possess the necessary inherent
17  distinctiveness or acquired distinctiveness through secondary meaning required for protection
18  under the Lanham Act. Dkt. No. 23 at 7–9. In fact, MiTek says, the complaint indicates that
19  Simpson's product names have specific descriptive and functional meanings and perhaps have
20  even reached generic status, removing them from Lanham Act protection altogether. Simpson
21  responds that pleading distinctiveness is required only for trademark infringement claims, whereas
22  the Lanham Act protects even generic marks from "false designation of origin." Dkt. No. 31 at
23  14–15.

24      To establish a claim for false designation of origin under § 1125(a)(1)(A), a plaintiff must
25  show that the defendant (1) used in commerce (2) any word, false designation of origin, false or
26  misleading description, or representation of fact, which (3) is likely to cause confusion or mistake,
27  or to deceive, as to sponsorship, affiliation, or the origin of the goods or services in question.
28  *Luxul Tech. Inc. v. Nectarlux, LLC*, 78 F. Supp. 3d 1156, 1170 (N.D. Cal. 2015) (citing *Freecycle*

*Network, Inc. v. Oey*, 505 F.3d 898, 902–04 (9th Cir. 2007); *Int'l Order of Job's Daughters v. Lindeburg & Co.*, 633 F.2d 912, 917 (9th Cir. 1980)). The Ninth Circuit recognizes that misdesignation of origin, or "passing off," constitutes a violation of Section 43(a) of the Lanham Act. *OTR Wheel Eng'g, Inc. v. W. Worldwide Servs., Inc.*, 897 F.3d 1008, 1016 (9th Cir. 2018); *Zito v. Steeplechase Films, Inc.*, 267 F. Supp. 2d 1022, 1028 (N.D. Cal. 2003) (citing *Lamothe v. Atl. Recording Corp.*, 847 F.2d 1403, 1406 (9th Cir. 1988)). Passing off involves selling a good or service of one person's creation as that of another. *Zito*, 267 F. Supp. 2d at 1028. Passing off may be either express or implied. *Id.* Express passing off occurs when a business labels its goods or services with a mark identical to that of another enterprise, whereas implied passing off involves, for example, the use of a competitor's advertising material or a sample or photograph of the competitor's product to impliedly represent that the product being sold is made by the competitor. *Id.*; *see also Dastar Corp. v. Twentieth Century Fox Film. Corp.*, 539 U.S. 23, 27 n.1 (2003) ("Passing off (or palming off, as it is sometimes called) occurs when a producer misrepresents his own goods or services as someone else's. 'Reverse passing off,' as its name implies, is the opposite: The producer misrepresents someone else's goods or services as his own.") (internal quotation marks and citations omitted).

Even a generic mark may serve as the basis for a claim for passing off under § 1125(a)(1)(A). *Blinded Veterans Ass'n v. Blinded Ams. Veterans Found.*, 872 F.2d 1035, 1042–48 (D.C. Cir. 1989) (holding that plaintiff's name was not a protectable trademark because the term "blinded veterans" is generic, but remanding for consideration of a passing off claim); *see also Nissan Motor Co., Ltd. v. Nissan Computer Corp.*, 204 F.R.D. 460, 467 n.11 (C.D. Cal. 2001) (describing defendant's argument that a generic term cannot serve as the basis for a passing off claim as "misguided" and citing *Blinded Veterans*). Here, Simpson alleges that (1) MiTek's use of Simpson product names as MiTek's own product names falsely identifies MiTek products as Simpson products, and (2) MiTek's use of Simpson's product names as reference numbers for MiTek's own products in MiTek sales and marketing literature creates a false impression that MiTek's products are in some way connected to or associated with Simpson. Dkt. No. 1 ¶¶ 25, 29-54, 72. The Court is satisfied that with these allegations, Simpson has stated a claim for false

6

1  misdesignation of origin, or passing off, under the Lanham Act.

### 3. Copyright infringement

To withstand a motion to dismiss on a claim of direct copyright infringement, the plaintiff must (1) "show ownership of the allegedly infringed material" and (2) "demonstrate that the alleged infringer violates at least one exclusive right granted to copyright holders under 17 U.S.C. § 106." *Disney Enters., Inc. v. VidAngel, Inc.*, 869 F.3d 848, 856 (9th Cir. 2017) (citing *Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146, 1159 (9th Cir. 2007)). A copyright holder has the exclusive rights to reproduce, distribute, publicly display, perform, and create derivative works of the copyrighted work. 17 U.S.C. § 106.

The parties do not dispute that Simpson owns valid copyrights in its Wood Construction Connectors Catalog. However, MiTek contends that the portions of the catalog that Simpson alleges MiTek has infringed—namely, Simpson product names and the alphabetical index of Simpson products—are not protectable works. Dkt. No. 23 at 9–12. In particular, MiTek argues that copyright protection does not extend to any idea, procedure, process, system, method of operation, concept, principle, or discovery, and that words and short phrases—including names—and the mere listing of ingredients or contents are not protected. *Id.* at 10 (quoting 17 U.S.C. § 102(b); 37 C.F.R. § 202.1(a)). Furthermore, the mere arrangement of facts in alphabetical order is not protected. *Id.* at 11–12 (citing *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 348 (1991)).

In response, Simpson argues that the Ninth Circuit has stated that originality is a question of fact that cannot be decided on a motion to dismiss. Dkt. No.31 at 17–18 (citing *Dezendorf v. Twentieth Century-Fox Film Corp.*, 99 F.2d 850, 851 (9th Cir. 1938)). However, the Ninth Circuit has also held that "when the copyrighted work and the alleged infringement are both before the court, capable of examination and comparison, non-infringement can be determined on a motion to dismiss." *Christianson v. West Pub'lg Co.*, 149 F.3d 202, 203 (9th Cir. 1945); *see also Rentmeester v. Nike, Inc.*, 883 F.3d 1111, 1118, 1125 (9th Cir. 2018) (affirming district court's dismissal of copyright suit where plaintiff's original work and defendant's allegedly infringing works were not substantially similar as a matter of law, and directing that before a court compares

7

the two works, it must "filter out" unprotectable elements of the plaintiff's work), *overruled on other grounds*, *Skidmore as Trustee for Randy Craig Wolfe Trust v. Led Zeppelin*, 952 F.3d 1051 (9th Cir. 2020).

The Court is unable to find any case law reconciling *Dezendorf* with *Christianson*. Neither case is particularly helpful here. The Ninth Circuit has cited *Dezendorf* only once in recent decades, but that opinion was amended specifically to delete the portion relying on *Dezendorf*. *Hall v. Swift*, 782 F. App'x 639 (9th Cir. 2019), *amended*, 786 F. App'x 711 (9th Cir. 2019). *Christianson* does not directly address the question of whether a court may determine originality at the pleading stage. Rather, that case concerned the question of substantial similarity on a motion to dismiss. Justice Wardlaw recently noted in a concurring opinion that *Christianson* and *Rentmeester* are outliers as dismissals for lack of substantial similarity on a motion to dismiss. *Astor-White v. Strong*, 733 F. App'x 407, 408–09, n.2 (9th Cir. 2018) (Wardlaw, J. concurring).

In any event, neither *Dezendorf* nor *Christianson* stands for the proposition that the Court *must* resolve the question of whether Simpson's product names and alphabetical index of product names are sufficiently original to warrant copyright protection at the pleading stage. While the Court agrees that MiTek raises serious questions about the protectability of Simpson's product names and alphabetical index, the Court would benefit from a fuller record before deciding the issue. The Court is not prepared to say at this time that Simpson's names and index are not sufficiently original as a matter of law.

Accordingly, the Court denies the motion to dismiss Simpson's copyright claim.

**B.    State Law Claims**

**1.    Unfair competition (Cal. Bus. & Prof. Code § 17200)**

California's Unfair Competition Law ("UCL") "prohibits any 'fraudulent business act or practice.'" *Williams v. Gerber Prods. Co.*, 552 F.3d 934, 938 (9th Cir. 2008) (quoting Cal. Bus. & Prof. Code § 17200). MiTek argues that Simpson has failed to state a UCL claim for multiple reasons. First, MiTek argues that Simpson has not alleged an actionable statement. Dkt. No. 23 at 3–4. This is the same argument MiTek makes concerning Simpson's Lanham Act false advertisement claim, and it is not persuasive for the reasons stated above. *See supra* Section

III.A.1.

Second, MiTek contends that Simpson has not adequately pled standing to pursue a UCL claim because it does not allege reliance on MiTek's misrepresentations and resulting injury. Dkt. No. 23 at 6–7. Instead, MiTek says, the complaint only alleges consumers' reliance, whereas Simpson must plead its own reliance. *Id.* Additionally, MiTek contends that Simpson must allege an economic injury in that it had prior possession or legal vested interest in the claimed lost money or property. Dkt. No. 33 at 3–4.

"[U]nder the UCL, standing extends to 'a person who has suffered injury in fact and has lost money or property as a result of the unfair competition' ([Cal. Civ. Code] § 17204), while under the false advertising law, in materially identical language, standing extends to 'any person who has suffered injury in fact and has lost money or property as a result of a violation of this chapter' ([Cal. Civ. Code] § 17535)." *Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 321–22 (2011). To satisfy the standing requirement, a party must "(1) establish a loss or deprivation of money or property sufficient to qualify as injury in fact, i.e., *economic injury,* and (2) show that that economic injury was the result of, i.e., *caused by,* the unfair business practice or false advertising that is the gravamen of the claim." *Id.* at 885 (emphases original). District courts within the Ninth Circuit are split on the question of whether a competitor plaintiff must plead its own reliance on a defendant's allegedly misleading statement. *Lona's Lil Eats, LLC v. DoorDash, Inc.*, No. 20-cv-06703-TSH, 2021 WL 151978, at *10 (N.D. Cal. Jan. 18, 2021). MiTek notes correctly that the majority of district courts have required a plaintiff to plead its own reliance. *Id.* However, the Court finds the views and analysis described in *Lona's Lil Eats* more persuasive given the nature of Simpson's allegations.

MiTek principally relies on *Kwikset* and *In re Tobacco II Cases*, 46 Cal. 4th 298, 314 (2009), but those cases involved false advertising claims by consumer plaintiffs, not a competitor plaintiff like Simpson. *Lona's Lil Eats*, 2021 WL 151978, at *11. Additionally, the *Kwikset* court acknowledged that reliance is not the only way to plead causation; rather, a plaintiff may plead a causal connection between the acts complained of and the plaintiff's injury. *Kwikset*, 51 Cal. 4th at 326 ("Proposition 64 requires that a plaintiff's economic injury come 'as a result of' the unfair

9

competition or a violation of the false advertising law. (§§ 17204, 17535.) The phrase 'as a result of' in its plain and ordinary sense means 'caused by' and requires a showing of a causal connection *or* reliance on the alleged misrepresentation.") (emphasis added); *see also Lona's Lil Eats*, 2021 WL 151978, at *11. As MiTek acknowledged at the hearing, strict adherence to the rule requiring pleading reliance would create an absurd result where a plaintiff could never bring a UCL claim against its competitor for false or misleading advertising. Dkt. No. 42 at 8:15-22 ("THE COURT: So how do we answer the question that was posed by Judge Hixson, which is . . . under what circumstances would a competitor ever be able to assert a claim under the FAL or the UCL when there is an alleged misrepresentation? MS. SCHEIPETER: Well, and I'm not sure under the existing case law that they could."). Such a result would defeat the very purpose of the UCL, which is "to protect both consumers and competitors" alike. *Kwikset*, 51 Cal. 4th at 883.

With respect to MiTek's argument that Simpson must allege an economic injury in that it had prior possession or legal vested interest in the claimed lost money or property in order to plead standing under the UCL, the Court does not agree. Simpson does not seek to recover damages under the UCL and is thus not required to plead such possession or interest. *Finelite, Inc. v. Ledalite Architect. Prods.*, C-10-1276 MMC, 2010 WL 3385027, at *2 (N.D. Cal. Aug. 26, 2010). Here, Simpson alleges that because of MiTek's misleading use of Simpson product names, Simpson lost sales. Dkt. No. 1 ¶¶ 50-54, 61. While Simpson could have provided more detail concerning the lost sales, the Court finds that it has adequately pled standing under the UCL.

Finally, MiTek argues that Simpson has not adequately pled a claim under the "fraudulent," "unfair," or "unlawful" prongs of the UCL statute because the complaint does not specify which theory or theories of unfair competition Simpson asserts. Dkt. No. 23 at 5–6. Simpson responds that its UCL claim incorporates and relies on allegations regarding false advertising and passing off under both the Lanham Act and FAL, and therefore it states a claim under all three prongs. Dkt. No. 31 at 9–11.

Section 17200's unlawful prong "borrows violations of other laws and treats them as unlawful practices that the unfair competition law makes independently actionable." *Davis v. HSBC Bank Nev., N.A.*, 691 F.3d 1152, 1168 (9th Cir. 2012) (citations omitted). Thus, "to state a

10

1  claim under the unlawful prong of the UCL, a plaintiff must sufficiently plead a predicate

2  violation." *MacDonald v. Ford Motor Co.*, 37 F. Supp. 3d 1087, 1097 (N.D. Cal. 2014).  The

3  "unfair" prong of the UCL "prohibit[s] not only advertising which is false, but also advertising

4  which[,] although is true, is either actually misleading or which has a capacity, likelihood or

5  tendency to deceive or confuse the public." *Brady v. Bayer Corp.*, 26 Cal. App. 5th 1156, 1173

6  (2018) (citation omitted).  Alleged violations of the Lanham Act and the FAL can serve as a

7  predicate basis for a claim of unlawful and unfair practices under the UCL.  *Lona's Lil Eats*, 2021

8  WL 151978, at *13; *Kasky v. Nike, Inc.*, 27 Cal. 4th 939, 950 (2002).  Moreover, a violation of the

9  FAL generally is also a violation of the "fraudulent" prong of the UCL.  *Hadley v. Kellogg Sales

10 Co.*, 243 F. Supp. 3d 1074, 1089 (N.D. Cal. 2017).  Because Simpson has stated claims for false

11 advertising under the Lanham Act and the FAL, it has also stated a UCL claim under all three

12 prongs.

Accordingly, the Court denies the motion to dismiss the UCL claim.

### 2. False advertising (Cal. Bus. & Prof. Code § 17500)

California's False Advertising Law ("FAL") "prohibits any 'unfair, deceptive, untrue, or misleading advertising.'" *Williams*, 552 F.3d at 938 (quoting Cal. Bus. & Prof. Code § 17500). MiTek argues that Simpson has failed to state a FAL claim for two reasons.  First, MiTek argues that Simpson has not alleged an actionable statement.  Dkt. No. 23 at 3–4.  This is the same argument MiTek made concerning Simpson's Lanham Act false advertisement claim, and it is not persuasive for the reasons stated above.  *See supra* Section III.A.1.

Second, MiTek raises the same argument concerning standing as it did for Simpson's UCL claim.  Dkt. No. 23 at 6–7.  For the same reasons explained above, the Court finds that Simpson has adequately pled standing for its FAL claim.  *See supra* Section III.B.1; *Lona's Lil Eats*, 2021 WL 151978, at *10–12.

Accordingly, the Court denies the motion to dismiss the FAL claim.

### IV. CONCLUSION

For the foregoing reasons, the Court denies MiTek's motion to dismiss.  MiTek shall file

its answer to the complaint by **April 19, 2021**.

**IT IS SO ORDERED.**

Dated: April 5, 2021

*[signature]*
VIRGINIA K. DEMARCHI
United States Magistrate Judge