UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SIMPSON STRONG-TIE COMPANY INC., <br><br> Plaintiff, <br><br> v. <br><br> MITEK INC., <br><br> Defendant. | Case No. 20-cv-06957-VKD <br><br> **ORDER RE PARTIES' ADMINISTRATIVE MOTIONS TO FILE UNDER SEAL** <br><br> Re: Dkt. Nos. 66, 73, 75, 89, 90, 96, 99, 104, 110 |

Before the Court are the parties' administrative motions to file under seal certain materials submitted in support of the parties' respective motions for summary judgment and *Daubert* motions. The sealing motions are granted in part and denied in part for the reasons discussed below.

## I.     LEGAL STANDARD

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). Consequently, filings that are "more than tangentially related to the merits of a case" may be sealed only upon a showing of "compelling reasons" for sealing. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101–02 (9th Cir. 2016). "[T]he strong presumption of access to judicial records applies fully to dispositive pleadings, including motions for summary judgment and related attachments." *Kamakana*, 447 F.3d at 1179.

Sealing motions in this district also must be "narrowly tailored to seek sealing only of sealable material." Civil L.R. 79-5(c)(3). A party moving to seal a document in whole or in part

1  must explain "why a less restrictive alternative to sealing is not sufficient." Civil L.R. 79-
2  5(c)(1)(iii). "Reference to a stipulation or protective order that allows a party to designate certain
3  documents as confidential is not sufficient to establish that a document, or portions thereof, are
4  sealable." Civil L.R. 79-5(c).

5  Where the moving party requests sealing of documents because they have been designated
6  confidential by another party or a non-party under a protective order, the burden of establishing
7  adequate reasons for sealing is placed on the designating party or non-party. Civil L.R. 79-5(f)(1),
8  (3). "Within 7 days of the motion's filing, the Designating Party must file a statement and/or
9  declaration as described in subsection (c)(1)," or else the provisionally sealed document may be
10 unsealed without further notice to the Designating Party. Civil L.R. 79-5(f)(3). In addition,
11 "overly broad requests to seal may result in the denial of the motion." Civil L.R. 79-5(f)(6).

## II. DISCUSSION

Because the parties' sealing motions principally relate to their respective motions for summary judgment the Court finds that the compelling reasons standard applies. The Court's rulings on the sealing motions are set forth below.

### A. Plaintiff Simpson's Administrative Motions

Simpson filed three administrative motions to seal. Simpson's first administrative motion (Dkt. No. 89)[1] pertains to its motion for summary judgment and *Daubert* motion, and Simpson's confidential information included in the exhibits referenced in those two motions. Simpson's first motion also addresses documents for which MiTek is the designating party.[2] *See* Dkt. No. 89 at 2. Simpson's second and third administrative motions (Dkt. Nos. 96, 104) pertain to its opposition to MiTek's motion for partial summary judgment, and its reply brief in support of its own motion.

In connection with its motion for summary judgment, Simpson asks the Court to seal

---

[1] Dkt. No. 89 is a corrected version of Dkt. No. 66.

[2] Simpson should have separately filed an administrative motion to consider whether another party's material should be sealed pursuant to Civil Local Rule 79-5(f). Because MiTek nevertheless responded to Simpson's motion (Dkt. No. 90), the Court construes Dkt. No. 89 as a motion pursuant to both Civil Local Rule 79-5(c), for material Simpson seeks to seal, and a motion pursuant to Civil Local Rule 79-5(f), for material MiTek has designated confidential.

several exhibits it has designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" under the parties' stipulated protective order (Dkt. No. 36). Specifically, Simpson asks the Court to seal, in their entirety, Exhibits 78, 80, 83, 84, 85, 86, 132, 133, 136, and 138. *See* Dkt. No. 89-1 ¶ 32. According to Simpson, these exhibits contain "the confidential intellectual property, business development and internal business strategy documents of Simpson, including internal Simpson research and development correspondence." Dkt. No. 89 at 2.

Simpson has not demonstrated compelling reasons to seal these exhibits in their entirety. Civil Local Rule 79-5(a) requires a party to "avoid wherever possible sealing entire documents (as opposed to merely redacting the truly sensitive information in a document)." The designating party's statement must comply with Civil Local Rule 79-5(c)(1), which requires explaining (1) "the legitimate private or public interests that warrant sealing"; (2) "the injury that will result if sealing is denied"; and (3) "why a less restrictive alternative to sealing is not sufficient." Further, Civil Local Rule 79-5(c) instructs that "[r]eference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable." The declaration filed by Simpson's counsel does not explain why a less restrictive alternative to sealing the entirety of Simpson's Exhibits 78, 80, 83, 84, 85, 86, 132, 133, 136, and 138 is not sufficient. *See* Dkt. No. 89-1. Simpson has not shown that its interests can only be protected by sealing these exhibits in their entirety, particularly because less restrictive alternatives, such as sealing only portions of these exhibits, may be available to address its concerns.

Simpson also asks the Court to consider whether MiTek's material that is cited in Simpson's motion for summary judgment and *Daubert* motion should be sealed. Dkt. No. 89. Simpson says that these documents are each "asserted by MiTek to be its confidential business development, research and financial-related documents, including internal business development and strategy correspondence." *Id.* at 2. For each of these exhibits designated "Confidential" or "Highly Confidential – Attorneys' Eyes Only," Simpson does not argue that the exhibits should be filed publicly despite MiTek's confidentiality designations, but it "reserves its rights to challenge the designation as may be appropriate." *See, e.g.*, Dkt. No. 89-1 ¶ 3.

3

MiTek responds to Simpson's motion pursuant to Civil Local Rule 79-5(f). Dkt. No. 90. MiTek does not object to publicly filing Exhibits 5, 226, or 227 in their entirety, and does not object to publicly filing portions of Exhibits 3 and 14. Dkt. No. 90 at 2, n.1; Dkt. No. 91 ¶ 4. MiTek asks the Court seal Exhibits 2, 7, 11, 12, 13, 17, 46, 221 and Exhibit H in their entirety, and asks the Court to seal limited portions of Exhibits 3, 14, 305, A, C, D, and J. *Id.* at 2-3. MiTek also asks the Court to seal portions of Simpson's motion for summary judgment. *Id.* MiTek explains that the materials proposed to be sealed reflect "confidential business development and internal business strategy documents and intellectual property of MiTek, including internal MiTek research and development information" or "confidential settlement documents." *Id.* at 4. MiTek argues that if these materials were made public, the parties' commercially-sensitive and bargaining positions would be directly and irremediably compromised by its disclosure in the public record. *Id.* MiTek argues that this concern is particularly salient here because the parties are direct competitors. *Id.* at 5. MiTek argues that the confidential material is not essential to the Court's determination of the parties' motions, and so the potential competitive harm from disclosure outweighs the public's interest in accessing the information. *Id.* Finally, MiTek's counsel asserts that the redactions are narrowly tailored and that no less restrictive means exist to protect MiTek's interests. Dkt. No. 91 ¶ 11.

MiTek has shown compelling reasons for sealing this material and has complied with the requirements of the local rules. Accordingly, the following portions of Exhibits 3, 14, 305, A, C, D, J, and Simpson's motion for summary judgment may be filed under seal and redacted from the public versions of these documents:

| Document | Sealed Portions |
|---|---|
| Exhibit 3 | MITEK0161640-MITEK0161643 |
| Exhibit 14 | MITEK0140618-MITEK0140624 and MITEK0140626-MITEK0140628 |
| Exhibit 305 | Paragraph 1, p. 44 |
| Exhibit A | 79:5-22, 82:16-84:7, 84:16-88:3, 139:22-140:2, 193:13-194:10, 312:17-319:12, 322:25-323:23, |

| | |
|---|---|
| | 340:16-342:3, 342:15-18, 342:22-344:20, 345:12-14, 347:5-349:6, and 349:21-353:11 |
| Exhibit C | 67:10-73:3 and 206:17-210:15 |
| Exhibit D | 116:14-121:5 |
| Exhibit J | 189:5-8, 191:2-3, and 191:5-10 |
| Simpson MSJ | 2:13-16, 6:13-24, 6:14-17, 11:3-15, 14:6-15:10, 15:12- 16:10, 21:6-8, 21:10-12, 22:3-11, 23:9-13, 32:10-20, 33:16-18, 36:4-7, 37:17-18, 38:20-39:1, 39:3-5, 39:7-12, 39:19-28, 40:7-14, and 40:17-20 (as highlighted in Dkt. No. 89-32) |

*See* Dkt. No. 90 at 2-3. In addition, Exhibits 2, 7, 11, 12, 13, 17, 46, 221 and Exhibit H shall be sealed in their entirety.

Simpson also asks that the Court seal portions of its opposition to MiTek's motion for partial summary judgment and its reply brief in support of its own motion for summary judgment. Simpson says that the material it seeks to seal concerns the terms of, interpretation of, and communications surrounding the confidential settlement of a 2013 trademark infringement lawsuit Simpson filed against MiTek, Inc. Dkt. No. 96 at 2; Dkt. No. 104 at 2. Simpson argues that it has a contractual obligation to maintain the confidentiality of this settlement-related material, and that public disclosure could harm the parties' interests. Dkt. No. 96 at 2; Dkt. No. 104 at 2.

Here, Simpson has demonstrated compelling reasons for sealing limited portions of its opposition and reply briefs. The following portions of these briefs may be filed under seal and redacted from the public versions of these documents:

| Document | Sealed Portions |
|---|---|
| Simpson Opposition Brief | 2:3-10, 2:12, 20:9-13, 20:14-21, 20:23-26, 21:14-23, 21:26-22:2, 22:5-10, 22:22-26, 22:28-23:4, 23:6-24, 26:16-18 |
| Simpson Reply Brief | 20:6-7, 20:8-13, 20:15-17, 20:18-19, 20:20-22 |

*See* Dkt. No. 96-1 ¶ 3; Dkt. No. 104-1 ¶ 3.

The Court orders as follows:

1. The Court denies, without prejudice, Simpson's administrative motion to seal in their entirety Exhibits 78, 80, 83, 84, 85, 86, 132, 133, 136, and 138.  If Simpson wishes to file these exhibits under seal, it must file a statement or declaration that complies with the requirements of Civil Local Rule 79-5 by **January 27, 2023.**

2. The Court grants the motion to seal Exhibits 2, 7, 11, 12, 13, 17, 46, 221 and H in their entirety.

3. The Court grants the motion to seal limited portions of Exhibits 3, 14, 305, A, C, D, and J.  MiTek must file redacted versions of these exhibits on the public docket by **January 27, 2023**.

4. As MiTek agrees no sealing is required, MiTek must file Exhibits 5, 226, and 227 on the public docket by **January 27, 2023**.

5. The Court grants the motion to seal limited portions of Simpson's motion for summary judgment (Dkt. No. 88), opposition (Dkt. No. 97), and reply brief (Dkt. No. 105).  As redacted versions of these materials have already been filed on the public docket, no further action is required.

**B.     Defendant MiTek's Motions**

MiTek filed five administrative motions related to sealing.  However, one submission appears to have been made in error.  The motion at Dkt. No. 73 and Dkt. No. 75 are identical.  The Court understands Dkt. No. 75 to be MiTek's motion to consider whether Simpson's materials should be sealed:  Dkt. No. 75 has one attachment clearly corresponding to Simpson's designated material in Exhibit 8.  Dkt. No. 73, while filed earlier in time, appears to have been filed in error and to be a duplicate of Dkt. No. 75.  Dkt. No. 73 has ten attachments which appear to correspond to MiTek's materials discussed in the declaration filed at Dkt. No. 73-1.  The Court will not rule on the motion at Dkt. No. 73 at this time.

MiTek asks the Court to consider whether Simpson's material should be sealed.  Dkt. No. 75.  MiTek says that Simpson designated portions (lines 55:1-7 and 103:19-104:18) of Exhibit 8 "Confidential."  This material discusses the market share over time of Simpson and MiTek.

Simpson, the designating party, did not file a statement or declaration supporting the sealing of these documents, as Civil Local Rule 79-5(f)(3) requires. The Court is not persuaded that, even if Simpson had complied with the local rules, it could demonstrate compelling reasons to seal information. Accordingly, the Court denies the motion to seal Exhibit 8.

Finally, like Simpson, MiTek asks the Court to seal limited portions of its opposition to Simpson's motion for summary judgment and its reply brief in support of its own motion for summary judgment. Dkt. Nos. 99, 110. MiTek says that this material should be filed under seal because it is sensitive and confidential information about the parties' previous settlement agreement. MiTek's arguments regarding this material are the same as the arguments discussed above and in Dkt. No. 90. Accordingly, the following portions of these briefs may be filed under seal and redacted from the public versions of these documents:

| Document | Sealed Portions |
| --- | --- |
| MiTek's Opposition Brief | 5:8-6:4, 30:20-23, 30:25-31:2, 37:20-22, 38:5-9, 38:12-18, 38:21, 39:1-9, 39:11-12, 39:15-17, 39:19-26, 40:1-2, 40:10-12 (as highlighted in yellow) |
| MiTek's Reply Brief | 5:8, 7:23-24, 8:2-5, 8:8-11, and 10:13 (as highlighted in yellow) |

*See* Dkt. No. 99 at 1; Dkt. No. 110 at 2.

The Court orders as follows:

1. MiTek must file a corrected administrative motion to seal the attachments at Dkt. No. 73 by **January 27, 2023.**

2. The Court denies the motion to seal Exhibit 8. MiTek must file an unredacted version of Exhibit 8 on the public document by **January 27, 2023**.

3. The Court grants the motion to seal limited portions of MiTek's opposition (Dkt. No. 100) and reply brief (Dkt. No. 108). As redacted versions of these materials have already been filed on the public docket, no further action is required.

//

**IT IS SO ORDERED.**

Dated: January 20, 2023

*Virginia K. DeMarchi*
VIRGINIA K. DEMARCHI
United States Magistrate Judge

8