UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SIMPSON STRONG-TIE COMPANY INC., | Case No. 20-cv-06957-VKD |
| Plaintiff, | **ORDER RE MOTIONS IN LIMINE** |
| v. | Re: Dkt. Nos. 117, 124 |
| MITEK INC., | |
| Defendant. | |

This order resolves the parties' motions in limine. Dkt. Nos. 117, 124.

## I. SIMPSON'S MOTIONS IN LIMINE

### A. Motion in Limine No. 1 – Other Disputes

Simpson moves to exclude references at trial to other current disputes or legal proceedings in which the parties are adversaries. Dkt. No. 117 at 3. Simpson contends that reference to other pending disputes is irrelevant to the issues in this case, that such a reference would be inadmissible hearsay, and that the probative value of any such reference would be outweighed by a danger of confusing the issues, causing undue delay, wasting time or presenting cumulative evidence. *Id.* MiTek argues that if Simpson attempts to portray MiTek as a purveyor of "knock-offs" of competing Simpson products, MiTek should be able to refer to these other proceedings to the extent they tend to show that MiTek is an innovator. Dkt. No. 124 at 3.

The Court does not expect that evidence about the parties' other disputes or legal proceedings will be relevant to any matter in dispute in this case, but will reserve a decision on any such evidence offered by MiTek until trial. This motion is denied without prejudice.

**B.     Motion in Limine No. 2 – Crumley Testimony**

Simpson moves for an order precluding MiTek from calling Harvel Crumley, the founder and CEO of non-party QuickTie Products, Inc. ("QTP"), as a witness at trial on the ground that MiTek failed to disclose Mr. Crumley as required under Rule 26(a)(1)(A)(i). Dkt. No. 117 at 2. MiTek responds that it disclosed QTP as an entity under Rule 26(a), and that Simpson was on notice that QTP would likely elect to have Mr. Crumley testify on its behalf at trial. Dkt. No. 124 at 5.

The motion is granted.

Rule 26(a)(1)(A)(i) requires disclosure of the "the name . . . of each individual likely to have discoverable information . . . that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." Fed. R. Civ. P. 26(a)(1)(A). The disclosing party must "supplement or correct its disclosure . . . in a timely manner if the party learns that in some material respect the disclosure . . . is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A). "If a party fails to . . . identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information at trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).

Here, MiTek identified QTP, but not an individual witness, in its initial disclosures. Dkt. No. 118-1 at 4. Simpson noticed QTP's deposition under Rule 30(b)(6), and QTP designated Chris Mellott to testify on its behalf. Dkt. No. 118 ¶ 4. Simpson took Mr. Mellott's deposition as a corporate representative and did not depose any other QTP witnesses. Dkt. No. 117 at 5. During the deposition, Mr. Mellott testified that Mr. Crumley "likely" would provide testimony at trial. Dkt. No. 134 at 32:1-4 ("Q. In terms of actually testifying in the trial in this case, who, from QuickTie Products, would be providing that testimony? A. It's likely Harvel Crumley."). Apparently, QTP has now elected to have Mr. Crumley testify at trial. Dkt. No. 125 at 12. MiTek did not supplement or correct its Rule 26(a) disclosures to identify Mr. Crumley as an individual likely to have discoverable information that MiTek may use to support its claims or defenses, nor did MiTek otherwise advise Simpson that it would call Mr. Crumley to testify at trial instead of

1  Mr. Mellott. Dkt. No. 117 at 5.  Simpson says that it will be prejudiced if the Court permits Mr.
2  Crumley to testify at trial because it did not know he would testify at trial and so did not take his
3  deposition. *Id.* at 4.  MiTek responds that Simpson should have been and was in fact on notice
4  that Mr. Crumley likely would testify at trial based on Mr. Mellott's statement during the
5  deposition. Dkt. No. 124 at 5.  In addition, MiTek argues that Simpson will not be prejudiced by
6  Mr. Crumley testifying on behalf of QTP instead of Mr. Mellott because Mr. Crumley is bound by
7  Mr. Mellott's prior deposition testimony as a corporate representative and can be cross-examined
8  based on that prior deposition testimony. *Id.*

9  While identifying a corporate entity may satisfy a party's initial disclosure obligation
10 under Rule 26(a)(1)(A)(i), once the disclosing party knows the name of the individual witness
11 whom it may or will use to support its claims or defenses, it has an obligation to supplement its
12 initial disclosure to identify that witness.  MiTek did not identify Mr. Crumley as such a witness.
13 MiTek may not defer to, or rely upon, a third party's election to voluntarily produce one witness in
14 lieu of another to testify at trial; Rule 26(a) places the disclosure obligation squarely on the party.
15 The Court is not persuaded that MiTek's failure to supplement or correct its initial disclosures
16 before identifying Mr. Crumley as a trial witness was substantially justified.  More importantly,
17 MiTek's failure to timely disclose Mr. Crumley was not harmless, as Simpson did not have fair
18 notice that Mr. Crumley would testify at trial, and therefore did not take his deposition.  Indeed,
19 during the hearing on the motion, MiTek indicated that it expects Mr. Crumley to testify about
20 matters that Mr. Mellott did not testify about in his deposition, although MiTek contends that these
21 matters are within the scope of MiTek's initial disclosures regarding the subject matter known to
22 QTP and Simpson could have questioned Mr. Mellott about them. Dkt. No. 132.

23 MiTek may not call Mr. Crumley to testify at trial.  MiTek may call Mr. Mellott to testify
24 instead of Mr. Crumley, or it may present Mr. Mellott's prior deposition testimony on behalf of
25 QTP.  If MiTek elects to use Mr. Mellott's deposition testimony, it must disclose deposition
26 designations to Simpson by **January 30, 2023 at 5:00 p.m.**  Simpson must disclose any
27 objections or counter-designations to MiTek by **February 1, 2023 at 5:00 p.m.**  The parties shall
28 jointly file deposition designations, objections, and counter-designations for Mr. Mellott by

3

**February 3, 2023 at 12:00 p.m.**

      **IT IS SO ORDERED.**

Dated: January 27, 2023

                                                VIRGINIA K. DEMARCHI
                                                United States Magistrate Judge