UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SIMPSON STRONG-TIE COMPANY INC.,<br><br>Plaintiff,<br><br>v.<br><br>MITEK INC.,<br><br>Defendant. | Case No. 20-cv-06957-VKD<br><br>**ORDER RE ADMINISTRATIVE MOTIONS TO SEAL TRIAL TESTIMONY**<br><br>Re: Dkt. Nos. 169, 174 |

Plaintiff Simpson Strong-Tie Company Inc. ("Simpson") and Defendant MiTek Inc. ("MiTek") both move to seal portions of testimony provided during the February 2023 bench trial in this case. Dkt. Nos. 169, 174. MiTek opposes Simpson's motion in part; Simpson does not oppose MiTek's motion. Dkt. No. 175.

For the reasons discussed below, the Court grants Simpson's motion in part and denies it in part and grants MiTek's motion in full.

I. **LEGAL STANDARD**

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978)). [B]ecause the resolution of a dispute on the merits, whether by trial or summary judgment, is at the heart of the interest in ensuring the 'public's understanding of the judicial process and of significant public events,'" the Ninth Circuit has stated that there is a "strong presumption of access" to these records which can only be overcome by a showing of "compelling reasons." *Id.* at 1179 (quoting *Valley Broadcasting Co. v. U.S. Dist. Ct.*, 798 F.2d

1289, 1295 (9th Cir.1986)). The party seeking to seal a judicial record bears the burden of showing compelling reasons to overcome this presumption. *Id.* at 1178.

Generally, "'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,'" including "the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets," *id.* (quoting *Nixon*, 435 U.S. at 598), or the use of records "as sources of business information that might harm a litigant's competitive standing," *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) (quoting *Nixon*, 435 U.S. at 598-99); *see also Ovonic Battery Co., Inc. v. Sanyo Elec. Co., Ltd.*, No. 14-cv-01637-JD, 2014 WL 2758756, at *2 (N.D. Cal. June 17, 2014) (noting that sealing has been allowed regarding "pricing terms, royalty rates, and guaranteed minimum payment terms found in a licensing agreement," as well as "detailed product-specific financial information and customer information[.]"). However, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Kamakana*, 447 F.3d at 1179.

Sealing motions in this district also must be "narrowly tailored to seek sealing only of sealable material." Civil L.R. 79-5(c)(3). A party moving to seal a document in whole or in part must explain "why a less restrictive alternative to sealing is not sufficient." Civil L.R. 79-5(c)(1)(iii). "Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable." Civil L.R. 79-5(c).

## II. DISCUSSION

Because the parties' sealing motions concern trial testimony, the Court finds that the compelling reasons standard applies.

### A. Simpson's Motion

Simpson asks the Court to seal portions of the trial transcript which it claims contain "highly sensitive market and financial data of Simpson elicited from Simpson witnesses at trial." Dkt. No. 169 at 1. It identifies two categories of information it wishes to seal: "(1) Simpson's

1  revenue, profits and market size and share related to particular lines of its products; and (2)
2  specific percentage and revenue data related to Simpson's business with retailers with respect to
3  customer demographics and revenues." *Id.* at 2. According to Simpson, despite the fact that it is a
4  publicly traded company, "th[is] information has never been disclosed to the public." *Id.*
5  Simpson claims that if this information is released publicly, it "would arm competitors with
6  insights into Simpson's various business segments that they could exploit, thereby disadvantaging
7  Simpson in the competitive marketplace" and "would allow investors to trade off knowledge that
8  information, particularly as Simpson makes announcements regarding new or changing business
9  initiatives and strategies." *Id.* at 2-3. Simpson supports its motion with a declaration from
10 Cassandra Payton, its Vice-President, Head of Legal. *See* Dkt. No. 169-1.

11 MiTek does not oppose the sealing of some of the testimony Simpson identifies. Dkt. No.
12 175 at 2 n.1. However, MiTek opposes Simpson's motion in part, arguing that it "is overly broad
13 and improperly seeks to designate certain testimony as confidential." *Id.* at 2. Specifically,
14 MiTek argues that certain pieces of information regarding Simpson's market share are not
15 confidential, that other market share information is stale, and that some of Simpson's sealing
16 proposals are not sufficiently restricted. *See id.* at 4-5.

17 There are compelling reasons to seal "business information that might harm a litigant's
18 competitive standing" if released publicly. *Fed. Trade Comm'n v. Qualcomm Inc.*, No. 17-CV-
19 00220-LHK, 2019 WL 95922, at *3 (N.D. Cal. Jan. 3, 2019) (quoting *Nixon*, 435 U.S. at 598).
20 Other courts in this district often seal "confidential and proprietary business, sales, or licensing
21 information" which "could give non-party competitors an unfair advantage in the development or
22 marketing of rival products." *Exeltis USA Inc. v. First Databank, Inc.*, No. 17-CV-04810-HSG,
23 2020 WL 2838812, at *2 (N.D. Cal. June 1, 2020); *AdTrader, Inc. v. Google LLC*, No. 17-CV-
24 07082-BLF, 2020 WL 6387381, at *1 (N.D. Cal. Feb. 24, 2020)*; see also Apple Inc. v. Samsung
25 Elecs. Co.*, 727 F.3d 1214, 1225 (Fed. Cir. 2013) (applying Ninth Circuit law and finding that
26 companies had "a significant interest in preventing the release" of "detailed product-specific
27 financial information").

28 However, a motion to seal must do more than describe the materials in question—"a

showing that specific prejudice or harm will result if the [materials] are not sealed" is required. *In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prod. Liab. Litig.*, No. 3:16-CV-2086-CRB, 2019 WL 13268668, at *3 (N.D. Cal. Sept. 13, 2019) (quoting *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002)). The party seeking to seal documents or information must proffer "specific facts to justify sealing." *IntegrityMessageBoards.com v. Facebook, Inc.*, No. 18-CV-05286-PJH, 2020 WL 6544411, at *10 (N.D. Cal. Nov. 6, 2020). Speculative or implausible claims of harm will not suffice. *Jones v. PGA Tour, Inc.*, No. 22-CV-04486-BLF, 2023 WL 2167400, at *3 (N.D. Cal. Feb. 21, 2023); *see also IntegrityMessageBoards.com*, 2020 WL 6544411, at *10 ("A lot of things 'could' happen—but such a mere possibility, without more factual explanation substantiating its plausibility, is insufficient to hide the information from the public record.").

Information that is "either already publicly available or [] available in other documents" should not be sealed. *Kamakana*, 447 F.3d at 1184. And "there are no compelling reasons to seal stale information." *Applied Materials, Inc. v. Demaray LLC*, No. 5:20-CV-09341-EJD, 2023 WL 4409106, at *2 (N.D. Cal. July 7, 2023). Moreover, the Court is reluctant to seal information that is "central" to the merits of the case. *See In re JUUL Labs, Inc. Mktg., Sales Pracs. & Prod. Liab. Litig.*, No. 19-MD-02913-WHO, 2022 WL 1601418, at *19 (N.D. Cal. Apr. 29, 2022); *Tillotson v. City of San Francisco*, No. 15-CV-04014-DMR, 2017 WL 6033217, at *2 (N.D. Cal. Jan. 23, 2017).

Having reviewed Simpson's motion to seal, the Court concludes that it has shown compelling reasons to seal some, but not all, of the testimony identified. Some of Simpson's sealing requests indeed concern profits and revenue from specific parts of its business. *E.g.* Dkt. No. 169-4 at 12-14; Dkt. No. 169-5 at 5. The Court agrees with Simpson that this information might harm its competitive standing if released publicly. However, this is not true for much of the testimony Simpsons seeks to seal. Most of the market share information it identifies for sealing is high-level, rather than product-specific. *See, e.g.*, Dkt. No. 169-3 at 5; 169-4 at 9. Simpson's sealing motion and the attached declarations also do not contain specific facts explaining how disclosure of this high-level information would harm the company if released publicly. More

1  importantly, Simpson's dominance in the market was not merely incidental to its arguments at
2  trial. Indeed, Simpson asserted some of the facts it now seeks to seal in its opening statement. *See*
3  Tr. at 7:12-14 ("Simpson is the leader . . . in the structural connector industry"); *id.* at 11:3-4
4  ("engineers specify Simpson connectors on an overwhelming number of building plans"). Under
5  these circumstances, Simpson has not met its burden of showing compelling reasons to overcome
6  the strong presumption of public access. *See Kamakana*, 447 F.3d at 1178.

7  Accordingly, the Court grants Simpson's motion to seal in part and denies it in part. Its
8  decisions on Simpson's proposed redactions are detailed in a table in the conclusion of this order.

### B. MiTek's Motion

MiTek asks the Court to seal two portions of the trial transcript where witnesses testified to the amount that Simpson pays MiTek to have its products included in MiTek's Sapphire software. Dkt. No. 174 at 2. It argues that that these fees are "sensitive financial business information as they are typically negotiated between the parties in confidence, and disclosure of such information can be detrimental to one or both parties in subsequent negotiations with third parties." *Id.* at 3. MiTek supports its motion with a declaration from its counsel in this case. *See* Dkt. No. 174-1. Simpson did not file an opposition to MiTek's motion.

The Court agrees with MiTek that compelling reasons exist to seal the terms of its licensing agreement with Simpson. Other courts in this district have found the same and sealed "license agreements, financial terms, [and] details of confidential licensing negotiations." *See DeMartini v. Microsoft Corp.*, No. 22-CV-08991-JSC, 2023 WL 4205770, at *2 (N.D. Cal. June 26, 2023); *Icon-IP Pty Ltd. v. Specialized Bicycle Components, Inc.*, No. 12-CV-03844-JST, 2015 WL 984121, at *3 (N.D. Cal. Mar. 4, 2015). MiTek's proposal places only minimal restrictions on the public's right of access to the trial record—it seeks to seal only 6 lines in a 1500-page transcript. *See* Civil L.R. 79-5(c)(1)(iii); Dkt. Nos. 174-2; 174-3. And while a declaration of counsel is less compelling than a declaration of a knowledgeable party employee, the Court relies principally on the arguments MiTek makes in support of its sealing request and a careful examination of the material sought to be sealed in reaching its conclusion that compelling reasons exist to seal the material at hand. *See Celgard, LLC v. Targray Tech. Int'l Inc.*, No. 19-CV-

1  02401-VKD, 2019 WL 3841997, at *2 (N.D. Cal. Aug. 15, 2019).

## III. CONCLUSION

The Court concludes that the parties have demonstrated compelling reasons to seal the following material and the Court orders that it be sealed:

| Document | Portions to be Sealed |
|---|---|
| Trial Transcript, Vol. 1 (February 6, 2023) | 49:21; 49:22; 49:23; 56:16; 56:18; 56:19; 170:21<br>Portions identified in Dkt. No. 169-3 (Howard Decl. Ex. A) |
| Trial Transcript, Vol. 2 (February 7, 2023) | 379:14; 381:25; 382:7<br>Portions identified in Dkt. No. 169-4 (Howard Decl. Ex. B) |
| Trial Transcript, Vol. 6 (February 13, 2023) | 1112:5; 1112:7; 1132:22; 1133:8; 1133:9<br>Portions identified in Dkt. No. 169-5 (Howard Decl. Ex. C)<br>1108:23-1109:1<br>Portions identified in Dkt. No. 174-2 (Mathiowetz Decl. Ex. 1) |
| Trial Transcript, Vol. 8 (February 15, 2023) | 1319:8-9<br>Portions identified in Dkt. No. 174-3 (Mathiowetz Decl. Ex. 2) |

The Clerk of Court is directed to coordinate with the court reporter to prepare a redacted transcript as described above. The court reporter shall file the redacted transcripts on the docket.

**IT IS SO ORDERED.**

Dated: December 15, 2023

*Virginia K. DeMarchi*
VIRGINIA K. DEMARCHI
United States Magistrate Judge