UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

SIMPSON STRONG-TIE COMPANY INC.,

          Plaintiff,

    v.

MITEK INC.,

          Defendant.

Case No.  20-cv-06957-VKD

**ORDER DENYING DEFENDANT'S MOTION FOR ATTORNEY'S FEES; DENYING MOTIONS TO SEAL**

Re: Dkt. Nos. 200, 201, 204

After prevailing against plaintiff Simpson Strong-Tie Company Inc. ("Simpson") in a bench trial, defendant MiTek, Inc. ("MiTek") asks the Court to award it attorney's fees under the Copyright Act, 17 U.S.C. § 505.  Dkt. No. 200.  MiTek argues that Simpson's unreasonable litigation positions and conduct regarding its copyright claim entitles it to collect attorney's fees for all of its counsel's work on the case—a sum of $1,467,953.15.  *Id.* at 22.  Simpson opposes this motion, arguing that MiTek is not entitled to collect fees under the Copyright Act; that even if MiTek is entitled to fees under the Act, any award should be limited to fees incurred solely for work on the copyright claim; and that the fees MiTek requests are unreasonable.  *See* Dkt. No. 203.  Separately, both parties have filed administrative motions to seal MiTek's counsel's billing records submitted as exhibits to their moving papers.  Dkt. Nos. 201, 204.

The Court held a hearing on the motion on March 26, 2024.  Dkt. No. 312.  Upon consideration of the moving and responding papers, as well as the oral arguments presented, the Court declines to exercise its discretion to award attorney's fees under the Copyright Act and denies MiTek's motion.  As such, it does not reach the parties' additional arguments regarding the relationship of Simpson's claims and the reasonableness of MiTek's requested fee.  The Court also

United States District Court
Northern District of California

1  denies the parties' administrative motions to seal.

2  **I.      BACKGROUND**

3        Simpson filed this action on October 6, 2020 challenging MiTek's alleged copying and use

4  of the product names Simpson gives to its structural connectors.  *See* Dkt. No. 1.  The complaint

5  asserted claims against MiTek for: (1) false advertising under the Lanham Act, 15 U.S.C.

6  § 1125(a)(1)(B); (2) false advertising under California Business & Professions Code § 17500; (3)

7  passing off under the Lanham Act, 15 U.S.C. § 1125(a)(1)(A); (4) unfair competition under

8  California Business & Professions Code § 17200; and (5) copyright infringement under 17 U.S.C.

9  § 106.  *See id.*

10        With respect to the copyright claim, Simpson alleged that MiTek infringed copyrights in

11  its Wood Construction Connectors catalogs, and in particular, that MiTek copied its listing of part

12  names in an "alphabetical product index" ("API") within those catalogs.  *See* Dkt. No. 1 ¶¶ 81-85.

13  Initially, Simpson asserted that MiTek infringed its copyrights in 18 registered works—i.e. its

14  catalogs from the years 2000 through 2020.  *See id.*  On February 4, 2021, MiTek moved to

15  dismiss the copyright claim on the ground that the portions of the catalog that Simpson alleged

16  MiTek has infringed—namely, the product names and the API—are not protectable works.  Dkt.

17  No. 23 at 9-12.  The Court denied this motion on April 5, 2021.  Dkt. No. 43 at 7-8.

18        On April 19, 2021, in response to MiTek's interrogatories, Simpson clarified that its

19  infringement claim was limited to Simpson's two most recent catalogs.  *See* Dkt. No. 200-5 at 20-

20  21.  Simpson also asserted that "Simpson's proprietary product names, including both the Simpson

21  Part Names and Simpson Model Numbers, are protected elements of the two catalogs, as is the

22  Alphabetical Product Index."  *Id.* at 21.  After its corporate representative struggled to define the

23  contours of the copyright claim during a Rule 30(b)(6) deposition, Simpson further clarified that

24  its claim was limited to "new material" not included in prior catalogs.  *See* Dkt. No. 200-6 at 5-6;

25  Dkt. No. 200 at 5-6; Dkt. No. 203 at 4-5.

26        On September 20, 2022, the parties filed cross-motions for summary judgment regarding

27  the copyright claim.  Dkt. Nos. 70, 78.  In its motion, Simpson defined its copyright claim even

28  more narrowly:

United States District Court
Northern District of California

United States District Court
Northern District of California

1
2
3
4
5
6
7
8

> Simpson's copyright claim is simply that (1) the asserted works are
> Simpson's 2017-18 and 2019-2020 catalogs; (2) each copyright
> registration for the asserted works extends only to new material in
> those catalogs from the most recent prior catalog; (3) the protectible
> portion of that new material at issue here is the Alphabetical Product
> Index in each asserted work; (4) the accused works are (a) MiTek's
> 59th edition of its product catalog (the "2018 MiTek Catalog"), (b)
> MiTek's 60th edition of its product catalog (the "2020 MiTek
> Catalog"), and (c) MiTek's Conversion Guide; and (5) the
> similarities between the protectible portions of the asserted works
> and the accused works extend only to the Reference Number Index
> pages of the two catalogs and the entirety of the Conversion Guide.

9    Dkt. No. 88 at 27-28.

10        In its motion for summary judgment, MiTek again argued that the APIs and the product

11   names listed within them are not protectable material, and that, in any event, the alleged copying

12   was de minimis and therefore not infringing.  Dkt. No. 75-1 at 23; Dkt. No. 99-3 at 21-28; Dkt.

13   No. 110-3 at 10-15.  The Court denied both parties' motions, finding that "that triable questions of

14   fact remain with respect to both the protectable elements of the APIs and the extent of the alleged

15   copying by MiTek."  *See* Dkt. No. 121 at 22.  Regarding MiTek's argument that the alleged

16   copying was de minimis, the Court stated:

17
18
19
20
21
22
23
24

> Even if the Court assumes that all of the new (or modified) product
> names in the APIs at issue are protectable expression, the protection
> that may be afforded these APIs as part of a derivative work is
> necessarily very thin.  The Court finds persuasive MiTek's argument
> that any copying of the APIs that may be found in MiTek's
> Reference Number Indices or in its Conversion Guide is de minimis
> when viewed in comparison to the asserted works as a whole or
> even in comparison to the APIs as a whole. . . .  However,
> considered in the light most favorable Simpson, the evidence raises
> a material question of fact precluding summary judgment regarding
> the extent of MiTek's copying of any protectable elements of the
> asserted works.

25   *Id.* at 21-22.

26        Following a bench trial, the Court issued findings of fact and conclusions of law in favor of

27   MiTek on all of Simpson's claims.  *See* Dkt. No. 193.  With respect to the copyright claim, the

28   Court concluded that "most of [Simpson's part names] have the minimal level of creativity

3

required for copyright protection" and "with some exceptions, MiTek has not shown that there are

so few ways of naming the connectors at issue that the part name merges with the idea of the

connector itself or is otherwise unprotectable." Dkt. No. 193 at 37. However, it also concluded

that MiTek's copying was de minimis when viewed in comparison to the asserted works as a

whole and thus was not actionable. *Id.* at 37-39.

> Copying is de minimis and therefore not actionable where the
> amount of the copying is so insubstantial in terms of quality or
> quantity that the accused work cannot be considered substantially
> similar to the asserted work. . . . Here, the quantity of copying is
> indeed minimal:  12 part names in a list of approximately 400 part
> names, arranged in alphabetical order, in an over 300-page catalog.
> The quality of the material copied is also minimal.  The part names
> themselves are not source-identifying and the indices of part names
> are essentially functional; they serve to identify the page where a
> detailed description of the product corresponding to the part name
> may be found.  And while Simpson is correct that product catalogs
> generally enjoy copyright protection, that protection is rather
> limited.

*Id.* at 38.

Additionally, the Court concluded that, even if MiTek's copying were actionable, it would

constitute fair use. *Id.* at 39-40.  The Court rejected MiTek's affirmative defenses of copyright

misuse, statute of limitations, laches, and estoppel, waiver, or acquiescence. *Id.* at 40-45.

## II.     MITEK'S MOTION FOR ATTORNEY'S FEES

### A.     Legal Standard

The Copyright Act provides that "the court may . . . award a reasonable attorney's fee to

the prevailing party" in an action for copyright infringement.  17 U.S.C. § 505.  This provision

gives courts "'wide latitude to award attorney's fees based on the totality of circumstances in a

case,'" although this discretion is "tethered to judicial guideposts." *Glacier Films (USA), Inc. v.*

*Turchin*, 896 F.3d 1033, 1037 (9th Cir. 2018) (quoting *Kirtsaeng v. John Wiley & Sons, Inc.*, 579

U.S. 197, 203 (2016)).  "Prevailing plaintiffs and prevailing defendants are to be treated alike, but

attorney's fees are to be awarded to prevailing parties only as a matter of the court's discretion"

and not as "a matter of course." *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 533, 534 (1994).

Drawing on Supreme Court caselaw, the Ninth Circuit has identified several nonexclusive factors

4

1    to guide courts' fee award determinations including: (1) the degree of success obtained; (2) the

2    objective reasonableness of the losing party's legal and factual arguments; (3) frivolousness; (4)

3    motivation; (5) the need to advance considerations of compensation and deterrence; and (6) the

4    purposes of the Copyright Act.[1]  *See Glacier Films*, 896 F.3d at 1037.  Courts must "accord

5    substantial weight to" the objective reasonableness—or lack thereof—of a party's position.  *Id.*;

6    *see also Kirtsaeng*, 579 U.S. at 209 (stating that the objective reasonableness factor "carries

7    significant weight").

         **B.       Discussion**

8

9        The Court considers each of the applicable factors and concludes that while one factor

10   favors an award of fees, the others do not.  In the exercise of its discretion, the Court declines to

11   award attorney's fees to MiTek.

12                       **1.       Degree of Success**

13       "[C]omplete success" on the merits—and not on a technical defense—weighs in favor of

14   an award of attorney's fees.  *Tresóna Multimedia, LLC v. Burbank High Sch. Vocal Music Ass'n*,

15   953 F.3d 638, 653 (9th Cir. 2020).  MiTek prevailed on the merits against Simpson at trial, with

16   the Court concluding both that MiTek's copying was de minimis and therefore not actionable, and

17   that MiTek had proven its affirmative defense of fair use.  Dkt. No. 193 at 39-40.  This factor

18   weighs in favor of an award of attorney's fees, but it is not dispositive; prevailing parties in

19   copyright cases are not entitled to attorney's fees as a matter of course.  *See Bisson-Dath v. Sony

20   Computer Ent. Am. Inc.*, No. 08-cv-1235 SC, 2012 WL 3025402, at *1 (N.D. Cal. July 24, 2012)

21   (citing *Fogerty*, 510 U.S. at 533).

22                       **2.       Objective Reasonableness or Unreasonableness**

23       The mere fact that Simpson lost does not establish its that its litigation position was

24   objectively unreasonable.  *Seltzer v. Green Day, Inc.*, 725 F.3d 1170, 1181 (9th Cir. 2013).

25

26   ─────────────────

[1] Courts in the Ninth Circuit have also considered "whether the chilling effect of attorney's fees
27   may be too great or impose an inequitable burden on an impecunious plaintiff."  *Ets-Hokin v. Skyy
     Spirits, Inc.*, 323 F.3d 763, 766 (9th Cir. 2003).  Neither party argues this point and it appears
28   inapplicable to the facts here.

United States District Court
Northern District of California

1    Rather, a party's litigating position is unreasonable when its "chances of success in [the] case were

2    slim to none."  *SOFA Ent., Inc. v. Dodger Prods., Inc.*, 709 F.3d 1273, 1280 (9th Cir. 2013); *see*

3    *also Kirtsaeng*, 579 U.S. at 205 ("The copyright holder with no reasonable infringement claim has

4    good reason not to bring suit in the first instance.").

5        "If a plaintiff has a claim that hinges on disputed facts sufficient to reach a jury, that claim

6    necessarily is reasonable because a jury might decide the case in the plaintiff's favor."  *VMG*

7    *Salsoul, LLC v. Ciccone*, 824 F.3d 871, 887 (9th Cir. 2016); *see also Halicki Films, LLC v.*

8    *Sanderson Sales & Mktg.*, 547 F.3d 1213, 1231 (9th Cir. 2008) ("[Plaintiff's] causes of action

9    must be heard on the merits.  So, regardless which party prevails, the District Court correctly

10   found that [plaintiff's] claims were not in any way frivolous, unreasonable, or lacking in good

11   faith.").

12       Here, Simpson's copyright infringement claim was weak, but it was not objectively

13   unreasonable.  While MiTek prevailed on the merits at trial, the Court rejected MiTek's attempts

14   to defeat Simpson's copyright claim on a motion to dismiss, *see* Dkt. No. 43 at 7-8, and at

15   summary judgment, *see* Dkt. No. 121 at 18-22.  These rulings reflect the Court's judgment that

16   triable issues of fact existed and could be decided in Simpson's favor.  *See Atari Interactive, Inc.*

17   *v. Redbubble, Inc.*, No. 18-cv-03451-JST, 2022 WL 7467297, at *2 (N.D. Cal. Sept. 12, 2022) ("It

18   was not objectively unreasonable for [plaintiff] to have pursued its copyright claims to trial [after

19   defendant's motion for summary judgment was denied.]"); *Phoenix Techs. Ltd. v. VMware, Inc.*,

20   No. 15-cv-01414-HSG, 2018 WL 828030, at *7 (N.D. Cal. Feb. 12, 2018) ("Even though the

21   Court acknowledged [in its summary judgment ruling] that 'Defendant's remaining affirmative

22   defenses were substantial, and that it was far from certain that Plaintiff would be able to overcome

23   them at trial,'. . . the Court cannot say Plaintiff's claims were objectively unreasonable since they

24   'hinged on disputed facts sufficient to reach a jury.'") (cleaned up); *Erickson Prods. Inc. v. Kast*,

25   No. 13-cv-05472-HRL, 2016 WL 3951659, at *3 (N.D. Cal. July 22, 2016) ("[T]his court denied

26   both sides' respective summary judgment motions on infringement, concluding that there were

27   materially disputed facts sufficient to permit that issue to proceed to a jury.  [It] therefore declines

28   to find that Kast's defense of this matter was objectively unreasonable."); *see also Skidmore v. Led*

United States District Court
Northern District of California

*Zeppelin*, No. 15-cv-03462 RGK (AGRx), 2016 WL 6674985, at *2 (C.D. Cal. Aug. 8, 2016) ("Plaintiff survived a motion for summary judgment, meaning that this Court considered the merits of the claim and determined that sufficient evidence existed to proceed to trial."), *aff'd*, 952 F.3d 1051, 1078-79 (9th Cir. 2020) (en banc); *Greg Young Publ'g, Inc. v. Zazzle, Inc.*, No. 2:16-cv-04587-SVW-KS, 2018 WL 1626053, at *4 (C.D. Cal. Mar. 21, 2018) (denying request for attorney's fees when plaintiff prevailed at trial after mixed rulings on cross motions for summary judgment), *aff'd*, 785 F. App'x 417, 419 (9th Cir. 2019).

In its reply, MiTek cites two cases in which parties whose claims or defenses survived summary judgment, but lost at trial, were ordered to pay attorney's fees.  Neither case supports an award here.  In one of these cases, *Unicolors Inc. v. NB Brother Corp.*, the loser did not oppose the prevailing party's request for fees.  No. 16-cv-2268-MWF (JPRx), 2017 WL 5989041, at *1-2 (C.D. Cal. Nov. 13, 2017).  In the other, *Alchemist Evolution, LLC v. Smash, Inc.*, the court noted that the losing parties' "conduct throughout this case ha[d] been objectively unreasonable" and had included discovery misconduct and advancing legal arguments contrary to pleadings.  No. 10-cv-4445-SVW (SSx), 2011 WL 13217214, at *2 (C.D. Cal. Mar. 1, 2011).  The court later reversed its attorney's fees decision as to one of the covered parties.  *Alchemist Evolution, LLC v. Smash, Inc.*, No. 10-cv-4445 SVW (SSx), 2011 WL 13217215 (C.D. Cal. June 24, 2011).

MiTek faults Simpson for initially asserting claims based on 18 registered works and accusing nearly every product name in hundreds of pages of MiTek's catalogs, before narrowing its claims to the two most recent catalogs, and eventually to the new material in the API in each of the two most recent catalogs.  Dkt. No. 200 at 3-7.  MiTek observes that Simpson continued to revise its copyright claim during discovery, *see* Dkt. No. 200 at 10-14, and some uncertainty about the exact scope of this claim persisted through trial, *see* Dkt. No. 193 at 38 ("During trial, Simpson did not specifically identify for the Court which new part names appeared in which of MiTek's accused works.").  Indeed, MiTek's strongest argument for fees is that Simpson's *initial* positions with respect to its copyright claim were unreasonable, even if the claim as presented during summary judgment and at trial was not.  However, the fact a party's position changes during litigation does not necessarily imply that it is objectively unreasonable.  *See*

1    *SellPoolSuppliesOnline.com, LLC v. Ugly Pools Arizona, Inc.*, 804 F. App'x 668, 671 (9th Cir.

2    2020) (affirming denial of attorney's fees when plaintiff "'advanced several unpersuasive

3    arguments in this litigation,'" but "[t]hough the court found Plaintiff's arguments unpersuasive, it

4    ultimately concluded that they were not objectively unreasonable").  The narrowing of claims

5    throughout litigation is not uncommon and, in some instances, a *failure* to narrow or clarify a

6    claim as a case develops may be objectively unreasonable.  *See Perfect 10, Inc. v. Giganews, Inc.*,

7    No. 11-cv-07098-AB (SHx), 2015 WL 1746484, at *11 (C.D. Cal. Mar. 24, 2015), *aff'd*, 847 F.3d

8    657, 674-76 (9th Cir. 2017) (finding that claim "was at least open to reasonable dispute at the time

9    [plaintiff] brought suit," but "it was objectively unreasonable for [plaintiff to continue] to pursue

10   [the claim]" in light of pretrial rulings and discovery).

11           With respect to the number of asserted works, while MiTek originally contended that

12   Simpson "could not assert all 18 copyright registrations listed in its Complaint because the statute

13   of limitations would preclude claims of infringement relating to its earlier registrations," Dkt. No.

14   200 at 10-11, it later conceded that the statute of limitations did not bar Simpson's reliance on

15   these asserted works in challenging MiTek's accused works, Dkt. No. 312 (hearing).  Thus, it was

16   not objectively unreasonable for Simpson initially to assert a copyright claim based on 18

17   registered works.  In any event, on April 19, 2021, six-and-one-half months after the case was

18   filed, Simpson served an interrogatory response limiting the claim to its two most recent catalogs.

19           With respect to Simpson's infringement allegations, Simpson further limited the scope of

20   its claim to "new" Simpson product names found in the asserted works in an interrogatory

21   response served on June 23, 2022, *see* Dkt. No. 200-6 at 5-6, before further narrowing its claim at

22   summary judgment, *see* Dkt. No. 88 at 27-28.  While in retrospect Simpson might have narrowed

23   its claim earlier, MiTek has not made a persuasive showing that Simpson's litigation positions

24   were objectively unreasonable or that it unduly delayed in narrowing its claim as the case

25   progressed.

26           Accordingly, the Court concludes that this factor weighs against an award of attorney's

27   fees to MiTek.

28

United States District Court
Northern District of California

United States District Court
Northern District of California

### 3. Frivolousness

A claim is frivolous when its factual allegations are "'clearly baseless,' such as factual claims that are 'fantastic or delusional scenarios.'" *Perfect 10, Inc. v. Visa Int'l Serv. Ass'n*, No. 04-cv-00371 JW, 2005 WL 2007932, at *4 (N.D. Cal. Aug. 12, 2005) (quoting *Neitzke v. Williams*, 490 U.S. 324, 325-28 (1989)). While Simpson's copyright claim was not strong, it was not frivolous. This factor weighs against an award of attorney's fees.

### 4. Motivation

"The existence of bad faith or an improper motive in bringing or pursuing an action weighs in favor of an award of fees to a prevailing party." *Epikhin v. Game Insight N. Am.*, No. 14-cv-04383-LHK, 2016 WL 1258690, at *6 (N.D. Cal. Mar. 31, 2016) (quoting *Frost-Tsuji Architects v. Highway Inn, Inc.*, No. 13-cv-00496 SOM/BMK, 2015 WL 5601853, at *7 (D. Haw. Sept. 23, 2015)). Apart from arguing that Simpson's litigation positions were unreasonable and/or frivolous—arguments the Court has rejected —MiTek does not suggest that Simpson acted in bad faith or with an improper motive. *See* Dkt. No. 200 at 14. This factor weighs against an award of attorney's fees.

### 5. Deterrence and Compensation

Fee awards should "encourage[] parties with strong legal positions to stand on their rights and deter[] those with weak ones from proceeding with litigation." *Kirtsaeng*, 579 U.S. at 205. To this end, courts may award attorney's fees when plaintiffs press factually or legally baseless claims to deter others like them. *E.g. Cobbler Nevada, LLC v. Gonzales*, 901 F.3d 1142, 1149 (9th Cir. 2018) (affirming fee award when plaintiff lacked "a reasonable factual basis" to assert a claim against defendant); *Shame On You Prods., Inc. v. Banks*, 893 F.3d 661, 668 (9th Cir. 2018) (the purpose of deterrence is served by "awarding fees against a party who had litigated an objectively unreasonable claim, or who had brought a claim in bad faith"). "[A] court may [award fees] to deter repeated instances of copyright infringement or overaggressive assertions of copyright claims, . . . even if the losing position was reasonable in a particular case." *Kirtsaeng*, 579 U.S. at 209. However, "plaintiffs acting in good faith and with potentially meritorious claims should not be deterred from seeking to protect their copyrights based on the fear of a large

1    attorney's fees award." *Epikhin*, 2016 WL 1258690, at *8 (N.D. Cal. Mar. 31, 2016); *see also*

2    *Oracle Am., Inc. v. Hewlett Packard Enter. Co.*, No. 16-cv-01393-JST, 2019 WL 10303651, at *1

3    (N.D. Cal. Nov. 12, 2019) (quoting *Minden Pictures, Inc. v. John Wiley & Sons, Inc.*, No. 12-cv-

4    4601-EMC, 2014 WL 1724478, at *8 (N.D. Cal. Apr. 29, 2014)) ("'While the burden of defending

5    frivolous and objectively unreasonable litigation may be deleterious to the objectives of the

6    Copyright Act, it is not the purpose of the Copyright Act to deter litigants from bringing

7    potentially meritorious claims, even though those claims may be ultimately unsuccessful.'").

8            As discussed above, the Court concludes that Simpson's claim was not objectively

9    unreasonable, nor was it pursued in bad faith. The record also does not support a finding that

10   Simpson's litigating positions were "'overaggressive assertions of copyright claims,' such that a

11   fee award is necessary to have an appropriate deterrent effect." *See Atari Interactive*, 2022 WL

12   7467297, at *2 (quoting *Kirtsaeng*, 579 U.S. at 209). MiTek argues that the parties are

13   "competitors and frequently engaged in competitive litigation," *see* Dkt. No. 200 at 14, but it does

14   not contend that Simpson "has previously filed non-meritorious actions" or engaged in other

15   abusive conduct outside this litigation, such that a fee award is necessary for the purposes of

16   specific deterrence. *Shame On You Prods., Inc. v. Banks*, No. 14-cv-03512-MMM (JCx), 2016

17   WL 5929245, at *10 (C.D. Cal. Aug. 15, 2016), *aff'd*, 893 F.3d 661, 665-69 (9th Cir. 2018); *see*

18   *also Epikhin*, 2016 WL 1258690, at *8 (no specific deterrence required when court "[did] not

19   believe that Plaintiffs will attempt to re-assert [unsuccessful] copyright infringement claims").

20           Accordingly, the Court concludes that this factor weighs against an award of attorney's

21   fees to MiTek.

22                           **6.      Purposes of the Copyright Act**

23           "[C]opyright law ultimately serves the purpose of enriching the general public through

24   access to creative works." *Fogerty*, 510 U.S. at 527. "To this end, copyright assures authors the

25   right to their original expression, but encourages others to build freely upon the ideas and

26   information conveyed by a work." *Id.* (quoting *Feist Publications, Inc. v. Rural Tel. Serv. Co.*,

27   499 U.S. 340, 349-50 (1991)). While "the guiding principles of the Copyright Act run throughout

28   the other factors," the Ninth Circuit has long held that district courts must consider it

independently.  *Glacier Films*, 896 F.3d at 1041.

MiTek argues that its defense of this lawsuit served the purposes of the Act by helping to "establish the boundaries of copyright law."  Dkt. No. 307 at 10.  As it is "important that the boundaries of copyright law be demarcated as clearly as possible," advancing litigation positions which help to define those boundaries serves the Act's purposes.  *Fogerty*, 510 U.S. at 527.  MiTek does not identify any particularly significant copyright issues addressed by this case, nor does it explain how the litigation contributed to "an informed discussion on the demarcation of copyright law."  *Williams v. Bridgeport Music, Inc.*, No. 13-cv-06004-JAK (AGRx), 2016 WL 6822309, at *4 (C.D. Cal. Apr. 12, 2016), *aff'd*, 895 F.3d 1106, 1132 (9th Cir. 2018).  Indeed, it is not clear whether MiTek has a better claim to demarcating the boundaries of copyright law than Simpson.  *Id.* (quoting *Schiffer Publ'g, Ltd. v. Chronicle Books, LLC*, No. 03-cv-4962, 2005 WL 1244923, at *4 (E.D. Pa. May 24, 2005)) ("'Because reasonable, though losing, litigation positions define the precise boundaries of copyright law, parties who advance such positions should not be punished by the imposition of fees.'").

MiTek also argues that "because de minimis use, like fair use, lies at the heart of copyright law, success on the de minimis use doctrine also serves" the Act's purposes.  Dkt. No. 307 at 10.  The Ninth Circuit has observed that "[w]hen a fee award encourages a defendant to litigate a meritorious fair use claim against an unreasonable claim of infringement, the policies of the Copyright Act are served."  *SOFA Ent.*, 709 F.3d at 1280.  On this point, the Court agrees with MiTek that litigating a meritorious fair use defense does indeed promote the interests protected by the Copyright Act, but at the same time, Simpson's claim was not objectively unreasonable.

Accordingly, the Court concludes that this factor weighs against an award of attorney's fees to MiTek.

\* \* \*

While the degree of success factor favors MiTek, all of the other relevant factors weigh against an award of an attorney's fees.  In particular, the Court's determination, drawing on its rulings on MiTek's motion to dismiss and motion for summary judgment, that Simpson's claim and arguments were not objectively unreasonable strongly weighs against fee-shifting.  MiTek

does not—and could not—allege the kind of litigation misconduct or abuse of the legal process that would justify ordering Simpson to pay its legal bills under these circumstances.  *See Kirtsaeng*, 579 U.S. at 209 (discussing cases where fee-shifting might be appropriate even if a party's arguments were reasonable); *see also Bell v. Oakland Cmty. Pools Project, Inc.*, No. 19-cv-01308-JST, 2020 WL 13695114, at *1-4 (N.D. Cal. Oct. 14, 2020) (awarding fees to "nonprofit organization that offers swimming opportunities to underprivileged youth" sued by plaintiff with history of "[l]eveling exorbitant settlement demands at nonprofits and public schools," despite finding that plaintiff's arguments were not objectively unreasonable).  Accordingly, the Court denies MiTek's motion for an award of attorney's fees under the Copyright Act.

III.    **SEALING MOTIONS**

MiTek and Simpson have both filed administrative motions to seal MitTek's attorney's billing records.  Both motions concern the same documents: MiTek filed its attorneys' billing records in support of its motion for attorney's fees (Dkt. No. 201); Simpson filed MiTek's billing records, with annotations, as exhibits to its opposition (Dkt. No. 204).  MiTek contends that the billing records contain: (1) information covered by the attorney work product doctrine; (2) information that may affect future litigation or negotiations between the parties in related matters; and (3) sensitive fee information that could be exploited by its law firm's competitors.  Dkt. No. 201 at 3-4.

Because a motion for attorney's fees does not implicate the merits of either party's claims or defenses, the parties need only to show "good cause" for them to be sealed.  *See Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179-80 (9th Cir. 2006); *Richter v. Oracle Am., Inc.*, No. 22-cv-04795-BLF, 2023 WL 5663217, at *1 (N.D. Cal. Aug. 30, 2023).  Generally, attorney billing records will not be sealed absent a showing of specific prejudice or harm.  *See, e.g., Grouse River Outfitters Ltd. v. Oracle Corp.*, No. 16-cv-02954-LB, 2019 WL 8752333, at *2 (N.D. Cal. Sept. 27, 2019) ("Oracle has not shown 'good cause' for sealing its counsel's billing rates and invoices."); *Aylus Networks, Inc. v. Apple Inc.*, No. 13-cv-04700-EMC, 2016 WL 1252778, at *2 (N.D. Cal. Mar. 30, 2016) ("[T]he number of hours spent litigating a case and billing rates are not considered proprietary information."); *Muench Photography, Inc. v. Pearson Educ., Inc.*, No. 12-

United States District Court
Northern District of California

1  cv-01927-WHO, 2013 WL 6698465, at *2 (N.D. Cal. Dec. 18, 2013) ("[T]he Court is unclear how

2  disclosure of mundane descriptions of typical attorney tasks, such as 'review and revise

3  documents and reports' or 'confer with [attorney] re: same and collection and production of

4  documents,' even taken as a whole, reveals sensitive information or confidential litigation

5  strategy."); *Ferrington v. McAfee, Inc.*, No. 10-cv-01455-LHK, 2013 WL 3814474, at *2 (N.D.

6  Cal. July 22, 2013) ("The Court has reviewed counsel's descriptions, and none of these

7  descriptions reveal confidential litigation strategy.").

8        The billing records here do not appear to merit different treatment.  MiTek has not

9  established that any records disclose attorney work product.  Its claim that public disclosure of

10  these records would harm it in other litigation with Simpson is also unsupported.  The Court notes

11  that MiTek filed unredacted versions of the billing records it now seeks to seal on the public

12  docket at Dkt. Nos. 200-15 through 200-18.  The Court advised MiTek of this public filing during

13  the hearing on March 26, 2024, but MiTek has taken no action to have those documents removed

14  from the public docket.  Dkt. No. 312.  Moreover, while retainer agreements may sometimes

15  contain sensitive or privileged information, attorneys' billing rates and hours worked generally do

16  not warrant sealing.  *See Grouse River Outfitters*, 2019 WL 8752333, at *2 (collecting cases

17  where sealing of billing records was denied); *K.H. by & through Humphrey v. Antioch Unified

18  Sch. Dist.*, No. 18-cv-07716 WHA, 2020 WL 4218036, at *1 (N.D. Cal. July 9, 2020) (allowing

19  for sealing of retainer agreement, but denying request to seal billing records in total).

20        Accordingly, the Court denies the parties' administrative motions to seal and directs the

21  Clerk's Office to unseal the provisionally sealed documents at Dkt. Nos. 201-1 through 201-4 and

22  204-2 through 204-5.  As noted above, these records already appear separately on the public

23  docket.

24  **IV.    CONCLUSION**

25        For the foregoing reasons, MiTek's motion for attorney's fees is denied.  The parties'

26  administrative motions to seal are also denied.

27  //

28  //

United States District Court
Northern District of California

**IT IS SO ORDERED.**

Dated: May 16, 2024

VIRGINIA K. DEMARCHI
United States Magistrate Judge